## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE, upon** | ) | |
| **The Relationship of the Secretary** | ) | |
| **of the DEPARTMENT OF** | ) | |
| **TRANSPORTATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | C.A. No. S12C-05-025 MJB |
| | ) | |
| **KEY PROPERTIES GROUP, LLC,** | ) | |
| **Et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


**Submitted**: October 30, 2015
**Decided**: January 27, 2016


## <u>OPINION</u>


Gregory B. Williams, Esq., Fox Rothschild LLP, 919 N. Market Street, Suite 300, Wilmington, Delaware 19899, *Attorney for Plaintiff*.

Richard L. Abbott, Esq. 724 Yorklyn Road, Suite 240, Hockessin, DE 19707, *Attorney for Defendant*.


**BRADY, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Currently before the Court is a condemnation action brought by Delaware Department of Transportation ("Plaintiff") to acquire a 0.6919 acre parcel from a 4.81 acre size lot owned by Key Properties Group, LLC ("Defendant").[1] On March 15, 2013, a scheduling order was issued,[2] which was modified by a second scheduling order on May 13, 2013.[3] The start of trial, pursuant to the second scheduling order, was set for December 16, 2013.[4] On December 11, 2013, the Court informed the parties that the December 16, 2013, trial date would be rescheduled and oral arguments on the party's motions in limine would be held on December 23, 2013.[5]

Defendant served Plaintiff with an appraisal prepared by Philip J. McGinnis and Charles H. Darrell of Dover Consulting Services, Inc. dated June 24, 2013 (the "First McGinnis and Darrel Appraisal").[6] This Appraisal included a letter from Peter D. DeMarie ("DeMarie"), Defendant's realtor, indicating that "Wawa was extremely interested in purchasing the property for development with a Wawa Superstore" and attached a letter of intent.[7] After further examination of the appraisal report, it was uncovered that no letter of intent was attached to DeMarie's letter. Ultimately, the parties determined that Wawa was in fact not interested in purchasing the subject property.[8] Susan Bratton, the Regional Real Estate Manager for Wawa in charge of all three counties of Delaware, provided an affidavit that indicates that she visited the subject property once, likely in 2010, that the property did not meet Wawa's development

---

[1] Complaint, Item 1 (May 11, 2012).
[2] Scheduling Order, Item 35 (March 19, 2013).
[3] Second Scheduling Order, Item 39 (May 30, 2013).
[4] Second Scheduling Order, Item 39 (May 30, 2013).
[5] Letter, Item 70 (Dec. 11, 2013).
[6] *See* First McGiniss and Darrel Appraisal, Exhibit A to Plaintiff's Motion in Limine to Exclude Testimony of McGinnis and Darrel, Item 63 (Dec. 2, 2013).
[7] *See* First McGiniss and Darrel Appraisal, Exhibit A to Plaintiff's Motion in Limine to Exclude Testimony of McGinnis and Darrel, Item 63 (Dec. 2, 2013).
[8] Affidavit of Susan M. Bratton, Exhibit K to Plaintiff's Supplement to Plaintiff's Motion in Limine to Exclude Testimony of McGinnis and Darrel, Item 80 (Jan. 24, 2014).

criteria, that Wawa never entered into a letter of intent with Defendant for the property, and that Wawa has not reconsidered its determination that the property fails to meet Wawa's development criteria.[9] On December 2, 2013, Plaintiff moved to exclude the First McGinnis and Darrel Appraisal based on the report's reliance on the letter of intent when in fact Wawa was not actually interested in the subject property.[10]

On April 10, 2014 and November 18, 2014, the Court heard oral argument on three motions filed by the parties.[11] Sometime between the April 10, 2014 oral argument and the November 18, 2014 oral argument, Defendant provided Plaintiff with an appraisal from McGinnis and Darrell (the "Second McGinnis and Darrel Appraisal"), which the Court ruled on November 18, 2014, was a new appraisal.[12] On November 18, 2014, the Court also permitted additional discovery to be taken. Specifically, the Court stated:

> The parties shall have the opportunity to have limited discovery. The limited discovery, as I'm hearing the position of the parties, would be on the depositions of the State appraiser and the Defendant and the answering of interrogatory-type answers. In this way, they will have a fully developed record upon which they can make the argument to the Commissioners and ask for the return of a fair and just compensation award for both sides. I think, in Rule No. 1, this is the just thing to do given the posture of the case.[13]

---

[9] Affidavit of Susan M. Bratton, Exhibit K to Plaintiff's Supplement to Plaintiff's Motion in Limine to Exclude Testimony of McGinnis and Darrel, Item 80 (Jan. 24, 2014).

[10] Plaintiff's Motion in Limine to Exclude Testimony of McGinnis and Darrel, Item 63 (Dec. 2, 2013).

[11] *See* Judicial Action Form Motion Hearing, Item 86 (April 4, 2014); *see also* Judicial Action Form From Oral Arguments, Item 113 (Nov. 19, 2014). Before the Court were three motions: (1) Defendant's Motion in Liminie to exclude four categories of evidence; (2) Plaintiff's Motion in Liminie to Exclude Expert Testimony of McGinnis and Darrell; (3) Plaintiff's Motion in Liminie to Exclude the First McGinnis and Darrel Appraisal. *See* Letter from Richard Abbott, Item 108 (Nov. 7, 2014).

[12] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *65 (Jan. 7, 2015) ("I agree with the Plaintiff position that this was, in effect, a new assignment; that independently of the new assignment from the regulations that they referenced, that DeMarie did play a prominent role; and by deleting that, that gave reason for Plaintiff to revisit the issue. All along, of course, we have the parties interacting without anything from the Court.").

[13] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *66 (Jan. 7, 2015).

The granting of additional limited discovery mooted all issues then before the Court.[14] On November 24, 2014, the Court issued a third scheduling order, in accordance with its ruling at the November 18, 2014 oral argument, setting February 27, 2015, as the deadline for the additional discovery.[15]

On December 23, 2014, Defendant served Plaintiff with an appraisal from McGinnis and Darrel (the "Third McGinnis and Darrel Appraisal")[16] and on January 14, 2015, Defendant served Plaintiff with an appraisal report prepared by Laurence P. Moynihan (the "Moynihan Appraisal").[17] On March 3, 2015, Plaintiff filed a Motion in Limine to exclude the Moynihan Appraisal arguing that it violated the terms of the third scheduling order as explained by the Court in the November 18, 2014 oral argument.[18]

On May 13, 2015, the Court held a teleconference in which the Court, in reprieve of excluding the Moynihan Appraisal, ruled the Moynihan Appraisal would be admitted, with the understanding that Defendant would be relying only on that appraisal and not on any of the McGinnis and Darrel appraisals.[19] The Court was aware that the credibility of the McGinnis and Darrel appraisals was called into question with the discovery that the information Wawa was interested in the subject property was false. The Court's understanding was that with the substitution of the Moynihan Appraisal, the record would be sanitized and the credibility of the McGinnis and Darrel appraisals would no longer be at issue. The Court believed that Defendant was requesting that the Moynihan Appraisal replace the McGinnis and Darrel appraisals. The

---

[14] *See* Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *67-72 (Jan. 7, 2015).

[15] Third Pretrial Scheduling Order, Item 114 (Nov. 24, 2014).

[16] *See* Third McGinnis and Darrel Appraisal, Exhibit A to Plaintiff's Memorandum In Support Of The Constitutionality Of The Court Ordering Defendant To Choose One Appraisal Opinion, Item 249 (Oct. 30, 2015).

[17] *See* Moynihan Appraisal, Exhibit B to Plaintiff's Memorandum In Support Of The Constitutionality Of The Court Ordering Defendant To Choose One Appraisal Opinion, Item 249 (Oct. 30, 2015).

[18] Plaintiff's Motion in Limine to Exclude Expert Appraisal Report and Related Testimony of Laurence P. Moynihan, Item 155 (March 3, 2015).

[19] Unfortunately, the teleconference held on May 13, 2015, was not recorded by a court reporter or otherwise.

Court then extended the discovery deadline to August 30, 2015, to allow Plaintiff to prepare and respond to the Moynihan Appraisal.[20] On September 17, 2015, a pretrial conference was held where the Court explained that the Court's understanding of the August 30, 2015 ruling was that each party would have one appraiser.[21]

On October 6, 2015, a teleconference was held where the Court confirmed that only one of Defendant's appraisal opinions was expected to be presented to the Commissioners at trial, as the Court had previously understood.[22] Defendant objected, raising issues of constitutional proportion and indicating an intent to file an interlocutory appeal in the event the Court so ruled.[23] The Court noted that it did not believe that there was any constitutional protection for a specific appraiser or appraisal report and that the appraisals were cumulative and duplicative in any event. However, the Court allowed the parties to file simultaneous submissions on the issue by October 30, 2015.[24] Both parties filed briefs with regard to the constitutionality of the Court permitting Defendant to present only one of its two appraisals on October 30, 2015.[25]

## II. PARTIES CONTENTIONS

### A. Defendant's Position

Defendant argues that he is entitled, by the United States Constitution, the Delaware Constitution, and Delaware's statutory law to present all relevant evidence.[26] Specifically,

---

[20] Order, Item 167 (May 13, 2015).

[21] Transcript of Pretrial Conference, Item 247, at *162-63 (Oct. 28, 2015) ("Honestly the implications of my ruling that you could have two experts I didn't realize that that meant two and one. . . . I thought that was going to be a different appraiser, not a supplemental appraiser. That's what I understood. That may have not been what you meant but I think that's what I understood. I though you then each would have one appraiser. That's what I thought you both were going to have one number and that's what you would proceed with.").

[22] Judicial Action Form, Item 242 (Oct. 6, 2015).

[23] Judicial Action Form, Item 242 (Oct. 6, 2015).

[24] Letter, Item 241 (Oct. 6, 2015).

[25] *See* Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, (Oct. 30, 2015); *see also* Plaintiff's Memorandum of Law in Support of the Constitutionality of the Court Ordering Defendant to Choose One Appraisal Opinion to Present and Rely on During Trial, Item 249 (Oct. 30, 2015).

[26] Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, at *8-10 (Oct. 30, 2015).

Defendant notes that the power of eminent domain has been held to be an implied governmental power pursuant to Article I, Section 8 of the Delaware Constitution and the 5th Amendment to the United States Constitution, which has been made applicable to the states pursuant to the 14th Amendment.[27] The 5th Amendment to the United States provides, as Defendant notes, that "private property [shall not] be taken for public use, without just compensation."[28] Similarly, Article I, § 8 of the Delaware Constitution provides that "any person's property [shall not] be taken or applied to public use . . . without compensation being made."[29] A condition upon the exercise of the power of eminent domain is that the government must pay a property owner just compensation for the taking which, under Delaware law, is the fair market value of the property at the time of the taking.[30] The Delaware General Assembly has provided that Title 10, Chapter 61 of the Delaware code "shall govern the procedure for all condemnations of real and personal property within this State under the power of eminent domain exercised by any authority whatsoever, governmental or otherwise."[31]

Defendant argues that 10 *Del. C.* § 6108(e), which governs appraisal evidence for condemnation cases, provides, in pertinent part, that "[a]t the trial any party may present competent and relevant evidence upon the issue of just compensation and all such evidence shall be given in the presence of the Court and the Commissioners."[32] Defendant contends that because the Delaware General Assembly enacted this statute, "any Court interference with the right to present evidence of Just Compensation at trial is tantamount to an Unconstitutional

---

[27] Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, at *8-10 (Oct. 30, 2015).
[28] U.S. Const. amend. V.
[29] Del. Const. art. 1, § 8.
[30] *Wilmington Housing Auth. V. Greater St. John Baptist Church*, 291 A.2d 282, 284 (Del. 1972).
[31] 10 *Del. C.* § 6101.
[32] 10 *Del. C.* § 6108(e).

6

restriction in contravention of the State and United States Constitutions."[33]  Defendant argues

that the appraisals in question are competent and relevant, and therefore pursuant to 10 *Del. C.* §

6108(e), the Court "may not interfere" with the right to have the appraisals presented at trial.[34]

Defendant further argues that other jurisdictions have held that evidence regarding the fair

market value of a subject property in a condemnation case should be liberally admitted.[35]

Defendant therefore argues that the Court should not restrict Defendant from using two

appraisals.[36]

### B.  Plaintiff's Position

Plaintiff argues that there is no legal authority to support Defendant's position that: (1) a

property owner has a constitutional right to rely on multiple appraisers and appraisals in a

condemnation action; or (2) that limiting the property owner to one appraisal would violate the

property owner's rights under United States or Delaware Constitutions.[37]  Plaintiff further argues

that Defendant is not prejudiced by having to choose one appraisal because the appraisals are

cumulative and duplicative of one another.[38]  Plaintiff notes that the Court has the power to

manage the trials in its jurisdiction under Delaware Rule of Evidence 403.[39]  Plaintiff contends

---

[33]Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, at *10 (Oct. 30, 2015).

[34] Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, at *11-12 (Oct. 30, 2015).

[35] Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248, at *12-14 (Oct. 30, 2015).

[36] *See* Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248 (Oct. 30, 2015).

[37] Plaintiff's Memorandum of Law in Support of the Constitutionality of the Court Ordering Defendant to Choose One Appraisal Opinion, Item 249, at *7-9 (Oct. 30, 2015).

[38] Plaintiff's Memorandum of Law in Support of the Constitutionality of the Court Ordering Defendant to Choose One Appraisal Opinion, Item 249, at *10-11 (Oct. 30, 2015).

[39] Plaintiff's Memorandum of Law in Support of the Constitutionality of the Court Ordering Defendant to Choose One Appraisal Opinion, Item 249, at *11 (Oct. 30, 2015).

that if Defendant is able to introduce a new appraiser, allegedly in violation of the third scheduling order, Plaintiff is prejudiced.[40]

## III. DISCUSSION

### A. Applicable Law

When interpreting statutory language the goal is "to determine and give effect to legislative intent."[41] An unambiguous statute "precludes the need for judicial interpretation, and the plain meaning of the statutory language controls."[42] An ambiguous statute on the other hand should be interpreted in a way "'that will promote its apparent purpose and harmonize it with other statutes' within the statutory scheme."[43] "A statute is ambiguous if 'it is reasonably susceptible of different conclusions or interpretations' or 'if a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature.'"[44]

The Delaware Supreme Court has stated that this Court has inherent power to "manage its own affairs and to achieve the orderly and expeditious disposition of its business."[45] Delaware Rule of Evidence 403 provides that "relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of

---

[40] Plaintiff's Memorandum of Law in Support of the Constitutionality of the Court Ordering Defendant to Choose One Appraisal Opinion, Item 249, at *12 (Oct. 30, 2015). Plaintiff continues to challenge the Court's ruling allowing the Moynihan Appraisal to be admitted. Plaintiff's Renewed Motion in Limine to Exclude Expert Appraisal Report and Related Testimony of Laurence Moynihan for Being in Violation of the Third Amended Scheduling Order, Item 218 (Sept. 28, 2015).
[41] *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932-33 (Del. 2007) (internal citations omitted).
[42] *Id.*
[43] *Id.* (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999)).
[44] *Id.*
[45] *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2 157, 159 (Del. 1970).

cumulative evidence."[46] Cumulative evidence is "[a]dditional or corroborative evidence on the same point. That which goes to prove what has already been established by other evidence."[47]

### B. Analysis

Defendant's argument is that 10 *Del. C.* § 6108(e) provides an unequivocal right to present any and all relevant and reliable evidence. Taken to its logical conclusion, Defendant's argument would allow any party in a condemnation proceeding to present as evidence at trial any number of appraisal opinions regardless of whether they are in violation of a Court order or otherwise inadmissible. In effect, any party could present a new appraisal that is relevant and reliable on the courthouse steps the day of trial. Such an absurd result cannot reasonably be attributed to the legislature. A proper reading of 10 *Del. C.* § 6108(e) is that the Court may not prevent a party to a condemnation proceeding from presenting "competent and relevant evidence upon the issue of just compensation" that is obtained and produced in accordance with the Court's scheduling order and subject to Delaware Rules of Evidence. Such a result harmonizes 10 *Del. C.* § 6108(e) with the Court's inherent power to "manage its own affairs and to achieve the orderly and expeditious disposition of its business,"[48] as well as with Delaware Rule of Evidence 403. Defendant's argument is further without merit based on Defense counsel's own actions (moving to exclude evidence),[49] and words (acknowledging the Court's authority over

---

[46] D.R.E. 403.

[47] *Guy v. State*, 999 A.2d 863, 870 (Del. 2010) (citing Black's Law Dictionary 380 (6th ed. 1990)).

[48] *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2 157, 159 (Del. 1970).

[49] Without ruling on the merits of any other Motion, the Court notes that Defendant has filed eight Motions in Limine in this proceeding. *See* Defendant's Motion in Limine to Exclude Testimony and Evidence of Jon Marc Cote' Based Upon the Scope of the Project Rule and the Before & After Rule, Item 233 (Oct. 5, 2015); *see also* Defendant's Motion in Limine to Exclude Testimony & Evidence of Jon Marc Cote' As Hearsay & Irrelevant, Item 234 (Oct. 5, 2015); Defendant's Motion in Limine to Exclude Testimony and Evidence of Mark Luszcz, Item 235 (Oct. 5, 2015); Defendant's Motion in Limine to Exclude Certain Testimony and Evidence of William McCain, Item 237 (Oct. 5, 2015); Defendant's Motion in Limine to Exclude Testimony and Evidence of Carl Wilson, Jr., Item 238 (Oct. 5, 2015); Defendant's Motion in Limine to Bar Evidence Regarding BayHealth Matters, Item 239 (Oct. 5, 2015); Defendant's Motion in Limine to Prohibit Median Break Closure Evidence, Item 240 (Oct. 5, 2015).

submissions),[50] in this case, and based on this Court's prior rulings in other condemnation cases.[51]

Defendant has failed to identify any constitutionally protected right, and the Court is unaware of any, that would prevent the Court from requiring Defendant to choose one of its two appraisal experts to testify at trial. The Court therefore finds that there is no constitutional limitation requiring the Court to allow both of Defendant's appraisals at trial.

The Court notes that Defendant was provided a choice between the two appraisal reports in reprieve of the Court excluding the Moynihan Appraisal. The Moynihan Appraisal is potentially problematic for two reasons.

First, it was offered in violation of the Court's second and third scheduling order. The Court's second scheduling order provided that all of Defendant's expert witnesses be identified and their reports produced by June 28, 2013. [52] The third scheduling order extended the discovery deadline to February 27, 2015, for "depositions of the State appraiser and the Defendant and the answering of interrogatory-type answers."[53] The Third Scheduling order did not extend the deadline for obtaining and producing expert witness reports.[54] Since the Moynihan Appraisal was not produced until March 3, 2015, it was in violation of the Court's

---

[50] At oral argument Defendant acknowledged that the Court has inherent power to exclude otherwise relevant evidence. Transcript of Pretrial Conference, Item 247, at *70 (Oct. 28, 2015) ("MR. ABBOTT: . . . So they've reacted to that and then we provided rebuttal reports and Your Honor said, I believe it was in a May teleconference this year, that's it, no more expert reports. We're done. Because I said well, I need to get another report because they've now got a sur sur rebuttal report. You said we're done. So we were done. I would have gotten another report but you closed the door in effect. So we're done.").

[51] *See, e.g.*, *State v. Lesko*, 2015 WL 7776636 (Del. Super. Nov. 18, 2015) (Granting a Motion in Limine because the evidence being offered was in violation of the court's previous scheduling order and under Delaware Rule of Evidence 403).

[52] *See* Second Scheduling Order, Item 39 (May 30, 2013).

[53] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *66 (Jan. 7, 2015); *see also* Third Scheduling Order, Item 114 (Nov. 24, 2014).

[54] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *66 (Jan. 7, 2015); *see also* Third Scheduling Order, Item 114 (Nov. 24, 2014).

scheduling order. It was through the Court's generous consideration that it was permitted to be admitted.

Second, if Defendant presents both appraisal reports at trial, the Moynihan Appraisal is cumulative. The Third McGinnis and Darrel Appraisal and the Moynihan Appraisal both provide an estimate of just compensation in connection with Plaintiff's taking of the subject property based on the "before and after" methodology, and they arrive at a similar figure—$2,275,000 and $2,515,000.[55] If all parties were permitted to call all appraisers and appraisal reports they wished at trial, it would result in undue delay and a waste of time. Specifically, this hearing, as the parties recognized at oral argument, could result in "the longest condemnation trial in Delaware history," lasting from "10 to 12 days."[56] In addition, if both the Moynihan Appraisal and the Third McGinnis and Darrel Appraisal are presented at trial, it would present an unfair advantage and potentially mislead the commissioners, because Defendant would be providing two appraisals to Plaintiff's one appraisal. Defendant could argue to the commissioners, reasonably (but unfairly) from that, that Defendant's appraisal figures are more credible than Plaintiff's and the weight of the evidence is for his position. Defendant acknowledged this potential at oral argument.[57]

### IV. CONCLUSION

Having found that there is no constitutional limitation prohibiting exclusion of one of Defendant's two appraisals, and in keeping with the Court's prior May 13, 2015 ruling, the Court

---

[55] *See* The Third McGinnis and Darrel Appraisal, Exhibit C to Plaintiff's Motion in Limine to Exclude Expert Appraisals and Related Testimony of McGinnis and Darrel, Item 229 (Oct. 5, 2015); *see also* The Moynihan Appraisal, Exhibit B to Memorandum of Law Regarding Constitutional Bar To Excluding Owner Appraisal Evidence, Item 248 (Oct. 30, 2015).

[56] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *169 (Jan. 7, 2015).

[57] Transcript of Oral Argument Proceedings Held On November 18, 2014, Item 122, at *70 (Jan. 7, 2015) ("DelDOT in reaction obtained these five different expert engineers reports because they got scared by the fact that Mr. Moynihan came in at 2,275,000 now recognizing that the commissioners are going to hear two appraisers at 2 million plus and went in to try and create this expert study of all these issues to say all this is wrong.").

11

will allow Defendant to present only one of the two appraisal experts' opinions at trial. Mr. Abbott is to advise the Court, no later than February 8, 2016, of his selection.

Finally, the matter was essentially stayed while the Court and parties addressed this issue. Any additional responses to the numerous, pending motions are to be filed no later than March 7, 2016.

**IT IS SO ORDERED.**

_____/s/_____
**M. JANE BRADY**
Superior Court Judge

.